UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

Mohamed Ismail Elmasri,

                Debtor.
----------------------------------------------------------x
Mohamed Ismail Elmasri,

                Plaintiff,

   - against -

Coleen Rupp, Heath S. Berger,
Steinberg, Fineo, Berger & Fischoff, and
Keith Swensen,

                Defendants.
----------------------------------------------------------x

Chapter 7

Case No.: 8-05-88238-478

Adv. Pro. No.: 8-09-08418-478

# MEMORANDUM DECISION AND ORDER

*Appearances:*

Mohamed Ismail Elmasri
*Pro Se Plaintiff*
41 Tremont Avenue
Patchogue, New York 11772


Steinberg, Fineo, Berger & Fischoff
*Attorneys for Defendants*
*Coleen Rupp, Heath S. Berger, and*
*Steinberg, Fineo, Berger & Fischoff*
By: Heath S. Berger, Esq.
40 Crossways Park Drive
Woodbury, New York 11797


Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is the motion of Coleen Rupp, Heath S. Berger, and Steinberg, Fineo, Berger & Fischoff, PC (the "Defendants") for sanctions against the Plaintiff Debtor for filing this adversary proceeding. This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and 11 U.S.C. §105(a) and Fed. R. Bankr. P. 7001. The following constitutes the Court's finding of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

## FACTS

The Debtor filed for chapter 7 relief on October 10, 2005 and was discharged on July 20, 2006. At the time of the filing of the bankruptcy petition, the Debtor was represented by counsel. The Debtor commenced this adversary proceeding *pro se* on September 21, 2009 seeking 1) an award for losses, damages, legal fees, and punitive damages, 2) a declaratory judgment that the service of the order to show cause dated August 26, 2006 is insufficient and the hearing held on August 29, 2006 should be void because it was improper; and 3) a referral for investigation on the basis that the Defendants conspired with fraudulent intent to defeat Debtor's due process rights.

For several years prior to the commencement of this adversary proceeding, an issue arose among the Debtor, his former spouse, Coleen Rupp ("Ms. Rupp") and Donna England ("Ms. England"), the law guardian of the children of the Debtor and Ms. Rupp, in regard to the Debtor's $50,000 claimed homestead exemption with respect to property located in Patchogue, New York (the "Property"). Bankruptcy Judge Melanie Cyganowski had entered an Order authorizing the sale of the Property on July 28, 2006, and an Order dated August 10, 2006, confirming the sale with payment of the Debtor's homestead exemption to be made to him at the

1

closing. On August 28, 2006, two days prior to the scheduled closing, Rupp's counsel filed an application for an order to show cause on behalf of Ms. Rupp, which sought an injunction and an emergency temporary restraining order enjoining the chapter 7 trustee's release of the funds representing the homestead exemption to the Debtor and seeking the turnover of the funds to Rupp to satisfy a child support judgment due to her ("Ms. Rupp's OSC Application"). Judge Cyganowski scheduled an immediate hearing on Ms. Rupp's OSC Application for August 29, 2006 at 11:30 a.m. Notice of the scheduled hearing and the application was served upon the Debtor by mail and by a process server on August 28, 2006 at 6:14 p.m. who affixed the documents to the Debtor's door. The Defendants were unable to personally serve the Debtor as he purportedly was on an airplane at the time.

The Debtor did not appear at the August 29, 2006 hearing. After determining that the Debtor had sufficient notice of the hearing, Judge Cyganowski granted Ms. Rupp's request for an Order to Show Cause with a temporary restraining order ("TRO") directing the Trustee to hold the Debtor's homestead exemption in escrow and not release the funds to the Debtor pending the further hearing on September 12, 2006 (the "Order to Show Cause"). In addition, Judge Cyganowski modified the August 10, 2006 Order to expunge any provision that allowed the Debtor to use his claimed homestead exemption for purposes of crediting the exemption toward the payment of the purchase price for the Property. The Order to Show Cause with the TRO and the modification of the August 10, 2006 Order served to preserve the status quo with respect to the homestead exemption until the Court determined whether the homestead exemption funds should be released to Ms. Rupp.

On August 31, 2006, Ms. England filed an objection to the Order to Show Cause on the

ground that state court judgments awarding fees to her as law guardian pre date Ms. Rupp's claim against the homestead exemption and that the funds representing the homestead exemption should be used to satisfy her claims first. On September 7, 2006, the Debtor filed a reply in opposition to the Order to Show Cause. On September 11, 2006, Ms. Rupp filed an adversary proceeding against the Debtor seeking a declaratory judgment that the homestead exemption does not apply to enforcement of child support arrears and demanding the Trustee turnover to Ms. Rupp the $50,000 homestead funds sufficient to satisfy the obligations to Ms. Rupp.

The hearing on the Order to Show Cause was rescheduled from September 12 to October 4, 2006. On September 20, 2006, the Debtor filed a motion for an order to vacate the TRO, release the Homestead Exemption to the Debtor, and sanction Ms. Rupp and her counsel. The Debtor's motion to vacate the TRO was heard along with Ms. Rupp's application for the turnover of the Homestead Exemption pursuant to the Order to Show Cause.

Subsequently, the case was temporarily reassigned to Bankruptcy Judge Joel Rosenthal on March 1, 2007 upon Judge Cyganowski's retirement. After a hearing on the Order to Show Cause, the Debtor's motion to vacate the TRO and related motions on May 7, 2007, Judge Rosenthal issued a Memorandum Decision and an order on May 24, 2007 (the "May 24, 2007 Order") finding that to the extent Ms. Rupp and/or Donna England, the law guardian in the Debtor's state court matrimonial action, had a valid lien against the Debtor's interest in the Property prior to the Trustee's sale, the Court directed the Trustee "to pay that lien out of the estate's share of the sale proceeds in the same priority as it would have been paid under state law, even if that would mean impairment of the homestead exemption". However, Judge Rosenthal abstained from deciding whether alimony and support obligations should be excepted

from the homestead exemption under New York law as this was an unsettled area of law best left for the New York state courts to decide. Under the May 24, 2007 Order, Judge Rosenthal extended the TRO imposed by the August 29, 2006 Order to August 6, 2007. On June 4, 2007, the Debtor appealed the May 24, 2007 Order to the District Court.

On August 2, 2007, Debtor filed an Application for an Order to Show Cause, seeking an order, *inter alia*, directing the Trustee to release the homestead exemption to the Debtor. As the disposition of the Debtor's homestead exemption was still the subject of the appeal filed by the Debtor before the District Court, Judge Rosenthal denied the Debtor's application. On October 10, 2007, the Debtor withdrew his appeal of the May 24, 2007 Order.

On December 11, 2007, Ms. Rupp filed a motion to compel the turnover of the homestead exemption funds to herself. On the next day, Ms. England filed a cross motion to compel the Trustee to turnover the homestead exemption to her. On December 12, 2007, the Debtor filed his own motion seeking the turnover of the homestead exemption, again asserting and reiterating his prior argument that the initial service on him was improper and defective by repeating his allegation that on "August 29, 2006, the Court held a hearing without the debtor and entered an Order Restraining the debtor's Homestead Exemption based on [the] creditor's alleged sufficient and proper service notwithstanding that the debtor was traveling overseas and there was no way for him to be served and appear in Court in one day!" Affidavit in Support of Debtor at 4 (*In re Elmasri*, No. 05-88238 (Bankr. E.D.N.Y. Dec. 12, 2007)). However, the Debtor never appealed the Order to Show Cause entered by Judge Cyganowski.

The case was again temporarily reassigned to Bankruptcy Judge Jerome Feller who found after a hearing on the motions that Ms. Rupp and Ms. England had valid liens against the

Debtor's interest in the Property prior to the auction sale of the Property. On April 28, 2008, Judge Feller entered an order granting Ms. Rupp's and Ms. England's motions to compel the Trustee to turnover the homestead exemption to them and denying the Debtor's motion for turnover of the exemption (the "April 28, 2008 Order"). Debtor then appealed not only the April 28, 2008 Order, but also reopened the appeal of the May 24, 2007 Order which he had previously withdrawn.

On March 31, 2009, the District Court issued a memorandum decision and Order affirming the May 24, 2007 Order and the April 28, 2008 Order. The Debtor has also appealed the District Court's decision and the appeal is currently pending before the Court of Appeals for the Second Circuit.[1]

On September 21, 2009, the Debtor commenced this adversary proceeding against Ms. Rupp and her bankruptcy counsel again seeking, *inter alia*, a declaratory judgment that the service of Ms. Rupp's OSC Application was insufficient and the hearing held on August 29, 2006 should be void because it was improper. On October 13, 2009, the Defendants timely filed a motion to dismiss the Complaint in lieu of an Answer (the "Motion to Dismiss") which they served on the Debtor the same date. The Motion to Dismiss also seeks the imposition of sanctions against the Debtor for filing what Mr. Berger asserts is a frivolous and meritless lawsuit and an injunction to prohibit the Debtor from filing any further motions, actions or proceedings against the Defendants until further order of this Court or any higher court. The

---

[1] The Second Circuit has entered an Order on March 16, 2010 affirming the District Court decision and on April 9, 2010, it ordered that the funds being held are to be released to Ms. Rupp and Ms. England. On April 14, 2010, the Second Circuit granted the Debtor's motion for leave to have a late submitted petition for a rehearing *en banc* be deemed filed.

5

Debtor filed a reply arguing that the adversary proceeding was filed in good faith, that the Defendants' allegations in the Motion to Dismiss are frivolous and that no basis exists for the imposition of sanctions.

On November 2, 2009, Ms. Rupp's counsel filed a separate motion for sanctions against the Debtor pursuant to Rule 9011 (the "Sanctions Motion") which was also contemporaneously served on the Debtor. Mr. Berger seeks in his Sanctions Motion the imposition of monetary sanctions in the sum of no less than $5,000 which represents attorneys' fees, costs and expenses that have been and will be incurred by Mr. Berger and his law firm with respect to this adversary proceeding.

On November 17, 2009, the Court held a hearing on the Defendants' Motion to Dismiss at which the Debtor and Mr. Berger appeared. At the hearing, this Court heard the facts and arguments in regard to the appropriate service on the Debtor and found that service of the notice of Ms. Rupp's OSC Application was proper and that the Debtor's objection to such service was untimely and inappropriate since service was made to the Debtor's proper address. In light of the proceedings that have taken place since the original filing of the Order to Show Cause, and the subsequent decisions by several judges in regard to the very same allegations by the Debtor as to improper service on him, the Court granted the Defendants' motion to dismiss this adversary proceeding. With respect to Mr. Berger's request for sanctions, Mr. Berger at the time of this hearing was willing to withdraw his request for sanctions against the Debtor if the dismissal of the adversary proceeding would be with prejudice to ensure that the Debtor does not

bring any further litigation on the same issue.[2] The Debtor objected and again argued that Mr. Berger's request for the imposition of sanctions against him was unwarranted. Accordingly, the Court

scheduled a separate hearing on Mr. Berger's request for sanctions.

Oral arguments on Mr. Berger's application for sanctions were heard by the Court on January 21, 2010.

## DISCUSSION

Pursuant to Federal Rule of Bankruptcy Procedure 9011, an attorney or unrepresented party filing a pleading with the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the pleading is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation and that the claims are warranted by existing law. Fed. R. Bankr. P. 9011(b). This rule applies to parties who act *pro se* and to attorneys. Fed. R. Bankr. P. 9011(b). See *In re Kristan*, 395 B.R. 500, 509 (1st Cir. B.A.P. 2008) (stating that bankruptcy courts have discretion to impose sanctions against attorneys or *pro se* litigants who violated Bankruptcy Rule 9011(b)). A motion for sanctions under Bankruptcy Rule 9011 needs to be made separately from other motions and may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim or allegation is not withdrawn or appropriately corrected. Fed. R. Bankr. P. 9011(c)(1). Given that the Sanctions Motion was filed with the Court and served on the Debtor

---

[2] The Debtor has raised this issue of improper service previously at least 3 times, and has been denied relief.

on the same date, the Debtor was not given the 21 days safe harbor period required to withdraw his Complaint prior to the filing of the Sanctions Motion with the Court. Accordingly, Mr. Berger's Sanctions Motion filed on November 2, 2009 is procedurally defective and must be denied.

The Court notes that had the Debtor been given the additional time, the Debtor would not have withdrawn his Complaint as he continued to insist on again raising the improper service issue.

Nevertheless, the Court finds that Mr. Berger's request for the imposition of monetary sanctions against the Debtor in his Motion to Dismiss is warranted under 11 U.S.C. § 105(a). As set forth under 11 U.S.C. §105(a):

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

As this Court has previously determined at the hearing on November 17, 2009, the notice of the August 29, 2006 hearing was properly served at the Debtor's address of record. In addition, Judge Cyganowski previously found that notice of the August 29, 2006 hearing was sufficiently provided for in her August 29, 2006 Order to Show Cause. As noted by the District Court, '[t]he law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent "cogent" and "compelling" reasons such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."' *In re Elmasri*, CV-CV-07-2816 and CV-

08-2709, slip op. at 11 (E.D.N.Y. March 31, 2009)(citing *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008). The Debtor has not shown any cogent or compelling reason for vacating the Order to Show Cause or that there was a clear error in the service of the notice of Ms. Rupp's application for an order to show cause. While the Debtor argued again that he was not properly served, three Bankruptcy Judges have advised the Debtor that he was incorrect on the law.

With respect to the issue of which party was entitled to the homestead exemption, the Order to Show Cause directed the Trustee to hold the homestead exemption in escrow pending a further hearing and determination as to whether the homestead exemption should be released to Ms. Rupp, thus preserving the status quo with respect to the funds. The Debtor filed separate motions on September 20, 2006, August 2, 2007 and December 12, 2007 seeking to have the homestead exemption released to him. Accordingly, the OSC did not hinder or prejudice the Debtor's ability to address the homestead exemption issue on its merits. In fact, the homestead exemption issue has been litigated before the Bankruptcy Court and the District Court and is pending before the Court of Appeals for the Second Circuit.

To the extent the Debtor feels that the Order to Show Cause did more than simply maintain the status quo with respect to the homestead funds by vacating a provision in the August 10, 2006 Order permitting the Debtor to use his claimed homestead exemption for purposes of crediting the exemption toward the payment of the purchase price, the Debtor did not appeal that Order to Show Cause and the time to do so has passed. While the Debtor argued that he did not see the Defendants' affidavit of service of the notice of the scheduled hearing on Ms. Rupp's OSC Application until a few months before he filed this adversary proceeding, the Court notes that the Debtor acting *pro se* is responsible for monitoring what documents are filed

on his case docket. Regardless of when the Debtor actually saw the affidavit of service, it does not negate the Court's finding that service of the notice of the scheduled hearing on Ms. Rupp's original OSC Application to be proper.

When given the opportunity to have this case dismissed with prejudice against the Debtor from filing a similar complaint in the future given the Court's ruling at the November 17, 2009 hearing, the Debtor opposed such alternative and insisted on a hearing on Mr. Berger's request for sanctions. The Debtor had adequate notice of the Defendants' request for sanctions in their Motion to Dismiss as he was served with the papers on October 13, 2009 and he had adequate time to prepare for the hearing on the request for sanctions, which took place on January 21, 2010.

## CONCLUSION

Based upon the foregoing, the Court finds the Debtor's commencement of this adversary proceeding to be harassing, frivolous and without merit. It is an unreasonable vexatious multiplication of proceedings. The Debtor has repeatedly asserted baseless claims as to improper service on him. Accordingly, the Court finds the Debtor's actions to be an abuse of the bankruptcy process causing a needless increase in the cost of litigation by the Defendants in defending this adversary proceeding and the necessity of appearing at a hearing on Defendants' request for sanctions. The time and legal services provided by Mr. Berger and his firm at a rate of $225 an hour for 19.5 hours in defending this adversary proceeding were necessitated as a result of the Debtor's actions and the fees requested are reasonable. Pursuant to 11 U.S.C. §105(a), the Court awards Mr. Berger and his law firm the legal fees incurred in the sum of $4,387.50, plus $2,000 as sanctions for filing this frivolous Complaint which has no basis in law

and results in harassment of the Defendants.

**IT IS HEREBY ORDERED**, that the Debtor's request for relief pursuant to this Adversary Proceeding filed on September 21, 2009 is denied in all respects and the Defendants' motion is granted; and it is further

**ORDERED**, that the Defendants' request forسsanctions against the Debtor in their Motion to Dismiss is granted; and it is further

**ORDERED**, that the Debtor is directed to pay Steinberg, Fineo, Berger & Fischoff the total sum of $6,387.50 within 30 days of the entry of this Memorandum Decision and Order; and it is further

**ORDERED**, that if said sums are not paid within 30 days, a judgment for said amount will be submitted to the Court and it will enter said judgment against the Debtor; and it is further

**ORDERED**, that after due consideration and for cause shown and the reasons stated on the record at the hearing on the Motion to Dismiss held before this Court on November 17, 2009, this adversary proceeding is dismissed.

Dated: Central Islip, New York
April 19, 2010                                             *s/Dorothy Eisenberg*_____
                                                          Dorothy Eisenberg
                                                          United States Bankruptcy Judge